IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 24-cr-00291-SKC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    TEAK TY BROCKBANK,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Cyrus Y. Chung, Assistant United States Attorney for the District of Colorado, and Jonathan E. Jacobson, Trial Attorney, Public Integrity Section, Criminal Division, United States Department of Justice; and the defendant, Teak Ty Brockbank, personally and by counsel, Thomas R. Ward, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado, the Public Integrity Section of the Criminal Division of the United States Department of Justice, and the defendant.

**I.  AGREEMENT**

    **A. Defendant's Agreement:**

The defendant agrees

(1)    to waive indictment and plead guilty to an Information charging a violation of 18 U.S.C. § 875(c);

(2)    to waive certain appellate and collateral attack rights, as explained in detail below; and

Court Exhibit

1

(3)  not to contest forfeiture as more fully described below.

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The government agrees not to bring other charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado and the Public Integrity Section concerning threats made by the defendant on social media platforms between late 2021 and August 2024 and his possession of firearms on or about August 23, 2024. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, seek an indictment relating to the aforementioned facts. This agreement does not provide any limitation of liability arising out of any acts of violence.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in

connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

 (1) the sentence exceeds the maximum sentence provided in the statute of conviction;

 (2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 27; or

 (3) the government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

 (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

 (2) the defendant was deprived of the effective assistance of counsel; or

 (3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the Court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of

supervised release, even if that sentence falls below or within the guideline range calculated by the Court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the Court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of assets

The defendant further agrees to forfeit to the United States the below-described property pursuant to an administrative forfeiture action under 18 U.S.C. § 924(d). The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him if notice is not sent within the prescribed time frames. The defendant agrees that the below-described property, which was seized from the defendant for evidentiary purposes, and which is currently in the custody or control of the Federal Bureau of Investigation, was lawfully seized and that it is evidence, contraband, or fruits of the crimes to which the defendant is pleading guilty. The defendant, as sole and rightful owner, relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that the Federal Bureau of

Investigation may dispose of the property without further obligations. The specific property includes the following firearms, as well as any associated ammunition:

| Item | Make | Model | Serial # |
|---|---|---|---|
| 1 | Kimber | Pro TLE/RL II | KR279866 |
| 2 | Ballistic Advantage | AR 15 | BA50964 |
| 3 | J.C Higgins | 101 16 | 2094577 |
| 4 | Remington Rifle | 700 | A6542434 |
| 5 | Remington Sportsman Rifle | 58 | 73896V |
| 6 | Knight | Mountaineer | S000371 |

## II.  ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Count One of the Information, 18 U.S.C. § 875 — Threats in Interstate Commerce, are as follows:

### Count One:  18 U.S.C. § 875(c)

*First*: the defendant knowingly transmitted a communication;

*Second*: the communication contained a true threat to injure or kill any person;

*Third*: the defendant transmitted the communication [a] with the purpose of making a true threat; [b] with knowledge the communication would be understood as a true threat; or [c] in conscious disregard of a substantial and unjustifiable risk that the communication would be understood as a true threat; and

*Fourth*: the communication was transmitted in interstate commerce.

### III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Information are: not more than five years' imprisonment; maximum term of supervised release three years; maximum fine $250,000; $100 mandatory victim's fund assessment fee; and restitution in an amount to be determined at the time of sentencing.

### IV. VENUE

The defendant waives any challenge to venue in this district.

### V. RESTITUTION

In addition to the other penalties provided by law, the Court must also order the defendant to make restitution pursuant to 18 U.S.C. § 3663A. The defendant understands that restitution must be ordered by the Court to all victims of the defendant's criminal conduct and not merely for those victims included in the count to which the defendant agrees to plead guilty.

### VI. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### VII. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set

forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct.

1. At all relevant times, BROCKBANK lived in or around Cortez, Colorado.

2. Beginning in or about late 2021 and continuing until in or about July 2024, BROCKBANK issued a series of social media posts and comments in which he threatened to murder Election Official-1, Election Official-2, a state judge, and federal law enforcement agents.

3. In issuing these threats, BROCKBANK used three social media accounts he controlled: Social Media Account A, Social Media Account B, and Social Media Account C.

The Threatening Posts

4. On or about September 22, 2021, BROCKBANK posted on Social Media Account A: "I live in Communist Colorado and this Crazed liberal [referring to Election Official-1] and many others in Communist Colorado needs to- No has to Hang she has to Hang by the neck till she is Dead Dead Dead. There will be accountability for these peoples actions in Communist Colorado and it won't be judges and it won't be weakmided cops that bring it!!! It will be Me it will be You it Will be every day people that understand that there life does not matter anymore with the future our country has laid out before it."

5. On or about September 22, 2021, BROCKBANK posted on Social Media Account A, BROCKBANK posted on Social Media Account A: "I live in Communist Colorado. [Election Official-1] and many others have to HANG. These people have to hang by the neck till they are Dead Dead Dead . . . . If you are able to hold a rifle you better stand up and fight to make sure there is accountability in this country This Time!!!!! Accountability equal for all. Make sure you pay attention to who says what in your community who does what in your community then you make sure you hold them accountable for what they have done Your yourself. No One else is going to do it for us we will have to do it ourselves!!!!!"

6. On or about October 2, 2021, BROCKBANK posted on Social Media Account B: "The judge making the decisions for Montezuma County in Colorado…Cortez Communist Colorado is a Nazi. Probably doesn't even know that he is a fascist but a fascist he is to the letter…. What can I do to stop this MAN that has been Told he is violating our Constitution. More and more and more as time goes on. but then tries to say O He was given the power to violate our Constitution by Congress!!!!!!! I could pick up my rifle and I could go put a bullet in this Mans head and send him to explain himself to our Creator right now. I would be Justified !!! Not only justified but obligated by those in my family who fought and died for the freedom in this country . . . . What can I do other than kill this man my self? No one will do it for me I do live in Communist Colorado…."

7. On or about July 20, 2022, BROCKBANK posted on Social Media Account A: "ATF CIA FBI show up to my house I am shooting them peace's of shit first No Warning!! Then I will call the sheriff!!! With everything that these piece of shit agencies

have done I am completely justified to just start dropping them as soon as they step on my property! justified."

8.  On or about July 23, 2022, BROCKBANK posted on Social Media Account A: "We are gonna have to take care of these people [referring to public officials including Election Official-1] ourselves. Our law-enforcement are incompetent our judges are incompetent . . . . It's time for the American people to take matters into their own hands start eliminating those that we know are guilty!! There is no other way! Mark my words. We have to go to war with these people right now!!"

9.  On or about July 24, 2022, BROCKBANK posted on Social Media Account B: "I'll truly believe there is no other way to fix this mess in Colorado and places like Arizona without executing these evil people. The people have to take matters into their own hands. People like [Election Official-1] [and] [Election Official-2] have to be put to death. Not to court trials and crooked judges Incompetent law-enforcement. . . ."

10. On or about August 4, 2022, BROCKBANK posted on Social Media Account B, in response to a comment from another user urging violence: "You're exactly right 100% on target!! People just like [Election Official-2] and [Election Official-1] Our communist!! . . . . What these people are doing is treason subversion of the American people's will!! There is no other answer but to execute these people for their actions!! There has to be accountability or this country is lost."

11. On or about August 4, 2022, BROCKBANK posted on Social Media Account B, in response to a comment from another user urging citizens to "step in and start taking the [country] back": "You are right on target!! Truth!!! But we the people that know the truth of things need to go get those that we know that are guilty. People like

[Election Official-2] and [Election Official-1].. Once those people start getting put to death then the rest will melt like snowflakes and turn on each other and we will just sit back why the worst of them get pointed out and we put them against the wall as well… MARK MY WORDS.. This is the only way. So those of us that have the stomach for what has to be done should prepare our minds for what we all Are going to do!!!!!! It is time..''

12. On or about November 15, 2022, BROCKBANK posted on Social Media Account B: "I don't know how many different ways I have to say it!! There is only one way in one way only to deal with crooked politicians like these [Election Official-2], [Election Official-1]!!! It's funny how just a few generations ago they understood this completely!!!! You either hang them from the neck until they're dead/Or you put them against the wall and you shoot them in the heart and the head!!!!! Mark my words that is the only way you'll ever stop these people. I am the Anon you all are so afraid of but yet Only because you all know What I've been saying all along has to be done, is the truth!!!!!!!"

13. On or about January 2, 2023, BROCKBANK posted on Social Media Account B: "Death For [Election Official-2] and all those that are in it with her there is no other solution she hast to die!! We have to kill all these people and remove them and remind those that wanna be like them there is punishment for their actions. Permanent punishment!!!"

14. On or about January 2, 2023, BROCKBANK posted on Social Media Account B in reference to Election Official-2 and others: "All of you need to stop Being so weak minded . . . . The only way to fix this is for those people that are doing it to die

which means we have to kill them you morons!!!!! How do you any of you not understand that."

15. On or about June 14, 2024, BROCKBANK posted on Social Media Account C: "Show up at my house IRS.. you are the enemy of the people and especially men like me . . . and if you're gonna come knock on my door, then you are just presented yourself to me. I don't even have to go look for you to find you so please show up at my house IRS and I will take full advantage of it….. D.e.a.t.h to all corrupt government!!!!!" The post included the following image:



16. On or about July 13, 2024, BROCKBANK posted on Social Media Account C: "I believe every single FBI agent deserves to go explain themselves to our creator right away!!!! I am more than willing to send any/All of you there. . . . Why don't you Simple minded, Evil , Morons show up where I am like you do to others that won't fight back and let's do this for real. I am more than willing to send you to explain yourselves to our creator."

17. On or about July 25, 2024, BROCKBANK posted on Social Media Account C about Election Official-1 and others: "[E]very single one of them deserve to/ have to

be sent to explain themselves to our creator Immediately!!! Any other outcome . . . is a complete failure on our part as American citizens… future generations demand we hold these people accountable for their actions not just let them keep on keeping on like we've been doing!!!" The post contained an image of Election Official-1 as well as an image of human beings dropped from a helicopter.

Firearms Possession

18. BROCKBANK acknowledges that he knowingly possessed firearms and ammunition at his residence on or about August 23, 2024, including the following weapons that traveled in interstate commerce, notwithstanding his awareness that in 2002 he had been convicted of a crime punishable by a term exceeding one year:

| Item | Make | Model | Serial # |
| --- | --- | --- | --- |
| 1 | Kimber | Pro TLE/RL II | KR279866 |
| 2 | Ballistic Advantage | AR 15 | BA50964 |
| 3 | J.C Higgins | 101 16 | 2094577 |
| 4 | Remington Rifle | 700 | A6542434 |
| 5 | Remington Sportsman Rifle | 58 | 73896V |
| 6 | Knight | Mountaineer | S000371 |

Post-Arrest Interview

19. On or about August 23, 2024, BROCKBANK was interviewed by law enforcement. During that interview, he admitted issuing the posts described in this factual basis. BROCKBANK explained: "I have said nothing online that I do not back 100%." He also stated that "the only reason you guys didn't come to my house is because you knew I would have fought."

\*   \*   \*

20. BROCKBANK knowingly transmitted the social media posts described in

this factual basis with at least a conscious disregard of a substantial and unjustifiable risk that the communication would be understood as a true threat, and they contained true threats to injure and kill the individuals described in the posts.

21.  BROCKBANK acknowledges that a reasonable recipient would have interpreted the communications identified in this factual basis as true threats.

22.  BROCKBANK acknowledges that the communications identified in this factual basis were transmitted in interstate commerce.

## VIII.  ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

        a)  Under USSG §2A6.1(a)(1), the base offense level is 12.

        b)  According to the government, because the offense involved

        conduct evidencing an intent to carry out a threat, a six-level enhancement applies. USSG §2A6.1(b)(1). The defendant reserves the right to argue that this specific offense characteristic does not apply.

c) Because the offense involved more than two threats, a two-level enhancement applies. USSG §2A6.1(b)(3).

d) According to the government, because the offense resulted in substantial disruption of public or governmental services or a substantial expenditure of funds to respond to the offense, a four-level enhancement applies. USSG §2A6.1(b)(4). The defendant reserves the right to argue that this specific offense characteristic does not apply.

e) Because the offense conduct was motivated by the victims' status as government employees and officers, a six-level enhancement applies. USSG §3A1.2(b).

f) According to the government, the adjusted offense level is 30. Without the two specific offense characteristics for which the defendant has reserved the right to argue against their application, the adjusted offense level would be 20.

g) The parties anticipate a three-level downward adjustment will likely apply for demonstrating acceptance of responsibility. USSG §3E1.1(a)–(b). According to the government, the resulting total offense level is 27. Without the two specific offense characteristics for which the defendant has reserved the right to argue against their application, the resulting total offense level would be 17.

h) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category III.

i) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

j) According to the government, the advisory guideline range resulting from these calculations is 60 months. USSG §5G1.1.

k) Without the two specific offense characteristics for which the defendant has reserved the right to argue against their application, the advisory guideline range resulting from these calculations would be 30–37 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a

    range from 24 months (bottom of Category I) to 60 months (statutory maximum). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

  l) Pursuant to guideline § 5E1.2, assuming the government's estimated offense level above is correct, the fine range for this offense would be $25,000 to $250,000, plus applicable interest and penalties. Without the two specific offense characteristics for which the defendant has reserved the right to argue against their application, the fine range for this offense would be $10,000 to $95,000, plus applicable interest and penalties.

  m) Pursuant to guideline § 5D1.2(a)(2), if the Court imposes a term of supervised release, that term shall be at least one year, but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## IX. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

//

//

Date: 10/23/24

_____
Teak Ty Brockbank
Defendant

Date: 10/23/24

_____
Thomas R. Ward
Attorney for Defendant

Date: 23 Oct 2024

_____
Cyrus Y. Chung
Assistant U.S. Attorney

Date: 10/23/24

_____
Jonathan E. Jacobson
Trial Attorney
Public Integrity Section